UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lilian Killeen,<br><br>          Plaintiff,<br><br>v.<br><br>Richard V. Spencer, Secretary of the Department of the Navy,<br><br>          Defendant. | Case No.: 3:18-cv-1590-AJB-NLS<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND (Doc. No. 4)** |

Before the Court is Defendant's motion to dismiss Plaintiff's discrimination and retaliation claims under Title VII. (Doc. No. 4.) For the reasons stated herein, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's complaint with leave to amend.

## I. BACKGROUND

Plaintiff, a Filipina whose native language is Tagalog, brings this race and national origin discrimination lawsuit against the Navy for reprimanding Plaintiff for speaking her native language while at work. (Doc. No. 1 ¶¶ 16, 17.) Plaintiff alleges Defendant issued her a "Letter of Expectations" which "reprimand[ed] her for the use of 'language, other than English, with employees when discussing work related tasks and issues.'" (*Id.* ¶ 16.) Plaintiff states Defendant then directed her and her employees to "'always use the English language when discussing work topics in the work environment,'" resulting in "a

1

discriminatory English-only rule." (*Id.*) Plaintiff states she "occasionally used Tagalog with Tagalog-speaking subordinates" to establish "effective communication between her and her subordinates." (*Id.* ¶ 17.) Plaintiff asserts Defendant later "issued a blanket prohibition of the use of Tagalog in the workplace." (*Id.* ¶ 18.) These acts led Plaintiff to file a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging "discrimination and reprisal." (*Id.* ¶ 20.) Plaintiff states that because of her EEOC complaint, "her supervisor, Maria Pena, . . . retaliated against her" by telling Plaintiff she did not like her, reporting false statements to her supervisor, attempting to sabotage her reputation, giving negative performance reviews, refusing to share information pertinent to her job, failing to give her necessary guidance, and holding meetings with Plaintiff's subordinates with her. (*Id.* ¶¶ 21–22.)

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the

2

3:18-cv-1590-AJB-NLS

complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

## III. DISCUSSION

Defendant argues both Plaintiff's discrimination and retaliations causes of action should be dismissed because (1) Plaintiff cannot meet either element of workplace discrimination; and (2) Plaintiff failed to exhaust her retaliation claim. (Doc. No. 4-1 at 2.)

### A. Workplace Discrimination Claim

Plaintiff's workplace discrimination claim is based on the allegation that the Navy instituted an English-only policy without any business-necessity justification. (Doc. No. 8 at 6–7.) Defendant asserts "a workplace policy that requires employees to use a common language for business purposes is not discrimination. . . ." (Doc. No. 4-1 at 6.) Plaintiff argues the EEOC has held that an employer may institute an English-only workplace rule, but only when justified by a "business necessity." (Doc. No. 8 at 6.) Plaintiff asserts none was provided here.

The Ninth Circuit has refused to find that, as a matter of law, an English-only policy will always amount to a hostile or abusive work environment. *Garcia v. Spun Steak Co.*, 98 F.2d 1480, 1489 (9th Cir. 1993). In doing so, the Ninth Circuit "reach[ed] a conclusion opposite to the EEOC's long standing position." *Id.* at 1489. The Court stated, "[t]he EEOC Guidelines provide that an employee meets the prima facie case in a disparate impact cause of action merely by proving the existence of the English-only policy. . . . Under the EEOC's scheme, an employer must always provide a business justification for such a rule." *Id.* Yet, the Court held that "the enactment of an English-only while working policy does not inexorably lead to an abusive environment for those whose primary language is not English." *Id.* Rather, the Ninth Circuit held that "a plaintiff in a disparate impact case must prove the alleged discriminatory effect before the burden shifts to the employer. The EEOC Guideline at issue here contravenes that policy by presuming that an English-only policy has a disparate impact in the absence of proof." *Id.* at 1490.

Here, Plaintiff has not alleged any discriminatory effects from the Navy's English-

3

3:18-cv-1590-AJB-NLS

only policy. Nor has Plaintiff alleged the decision to speak Tagalog was one of necessity versus convenience. *See Andrews v. PRIDE Industries*, No. 2:14-cv-02154-KJM-AC, 2017 WL 119803, at *12 (E.D. Cal. Jan 12, 2017) ("a reasonable juror could find Mr. Andrews' decision to speak with monolingual members of his service crews was made out of 'necessity' rather than 'individual preference'[ ] because evidence of record suggests other employees, including PRIDE managers and supervisors, could not effectively communicate the tasks of the job to these crew members."). The *PRIDE Industries* Court held that in the circumstances of that case the prohibition on speaking Spanish, "also amounted to racial discrimination against Mr. Andrews' monolingual Spanish speaking co-workers, which itself in turn interfered with Mr. Andrews' 'personal right to work in an environment unaffected by racial discrimination.'" *Id.* at *12 (quoting *Spun Steak*, at 1488). Plaintiff states she used Tagalog with Tagalog-speaking subordinates, but does not claim they only spoke Tagalog, or that communication English-only communication was otherwise difficult.

Without any additional allegations, Plaintiff cannot sustain a discrimination case on the sole fact that an English-only policy was instituted. Accordingly, the Court **GRANTS** Defendant's motion to dismiss this claim.

**B.    Retaliation Claim**

Defendant alleges Plaintiff cannot establish jurisdiction in this Court because she did not exhaust her administrative remedies. (Doc. No. 4-1 at 11.) Defendant also alleges Plaintiff fails to plead essential facts. (*Id.* at 12.)

A plaintiff litigating a Title VII claim in a federal district court is required to exhaust his or her administrative remedies. *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995) (citing *Brown v. General Services Administration*, 425 U.S. 820, 832 (1976)). This includes regulatory and judicially imposed exhaustion requirements. *Id.* Generally, a Title VII complainant must first file a complaint with the EEOC within 180 days of the alleged violation. 29 C.F.R. § 1601.13(a)(1). "If the EEOC does not bring suit based on the charge, the EEOC must 'notify the person aggrieved' that she can file suit." *Surrell v. Cal. Water*

*Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e-5(f)(1)). This notice is usually given in the form of a "right-to-sue letter"; "once a person receives an EEOC right-to-sue letter, she has 90 days to file suit." *Id.*

Plaintiff, in response, states she filed a second "Complaint of Discrimination and Reprisal on November 17, 2017." (Doc. No. 8 at 10–11.) Attached to her response are the EEOC charges. (Doc. No. 8-1, Ex. B, at 21–37.) Defendant replies, arguing that Plaintiff's response "does not provide essential jurisdictional facts or notice as to retaliatory *acts*." (Doc. No. 9 at 5.) Moreover, Defendant notes that the retaliatory acts Plaintiff does allege in her complaint omits basic details such as "when the alleged act occurred, its relation to which EEOC complaint, whether the supervisor had knowledge of that EEOC complaint, or even *what* guidance was withheld." (Doc. No. 4-1 at 13.) The Court agrees. While Exhibit B contains specific detailed information, such information should be pleaded in the complaint—not attached as an Exhibit to an opposition to a motion to dismiss.

### C. Leave to Amend

Courts are instructed to freely grant leave to amend when justice requires. Fed. R. Civ. P. 15(a). The Court believes Plaintiff could cure the jurisdictional and factual deficiencies regarding her claims in an amended complaint. Accordingly, the Court **GRANTS LEAVE TO AMEND**.

### IV. CONCLUSION

The Court **GRANTS** Defendant's motion to dismiss finding Plaintiff failed to allege that there were any discriminatory acts alleged beyond an English-only policy, and finding Plaintiff fails to allege exhaustion of her retaliation claims with the EEOC. (Doc. No. 7.) The Court also **GRANTS** Plaintiff leave to amend. Her First Amended Complaint is due by **August 31, 2019**.

**IT IS SO ORDERED.**

Dated: August 7, 2019

Hon. Anthony J. Battaglia
United States District Judge